UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRAE MUHAMMAD and SCOTT MYER, | § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION H-10-5023 |
| HOUSTON ZOO INC., | § § | |
| *Defendant*. | § § | |

### ORDER OF DISMISSAL

Trae Muhammad and Scott Myer, proceeding in this matter *pro se* and *in forma pauperis*, allege that they were denied free admission to the Houston Zoo on December 7, 2010. Plaintiffs filed this section 1983 lawsuit challenging the Houston Zoo's alleged "new policy" of requiring welfare recipients to bring a copy of a letter showing their current welfare status prior to being admitted free of charge. Plaintiffs allege that they were unaware of the policy and, accordingly, did not bring the proper documentation to obtain free admission to the zoo on December 7, 2010.

Finding that no federal rights have been implicated, the Court DISMISSES this lawsuit for failure to state a claim.

### ANALYSIS

Under 28 U.S.C. § 1915(e)(2)(B), the Court may scrutinize the basis of a complaint where the plaintiff has been granted leave to proceed *in forma pauperis* and, if appropriate, dismiss the case if the lawsuit is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A complaint lacks an arguable basis in law if it is based on an

indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

To prevail in a section 1983 lawsuit, a plaintiff must establish a deprivation of a right secured by federal law that occurred under color of state law, and which was caused by a state actor. *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004). The court cannot discern how the application of a free admission policy at a local zoo (a policy that plaintiffs admittedly did not comply with) could possibly implicate a federally-protected right.

### CONCLUSION

For the reasons set forth above and pursuant to 28 U.S.C. § 1915(e)(2), this lawsuit is DISMISSED WITH PREJUDICE as frivolous and for failure to state a claim. Plaintiffs' motion for preliminary injunction (Dkt. 2) is DENIED AS MOOT.

Signed at Houston, Texas, on January 3, 2011.

_____
Gray H. Miller
United States District Judge